| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** <u>CV 15-03035 SJO (MRWx)</u>   **DATE:** <u>July 9, 2015</u>

**TITLE:** <u>L.A. Gem & Jewelry Design, Inc. v. Julie Anne Reese, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                             Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT REESE'S MOTION TO DISMISS FOR IMPROPER VENUE** [Docket No. 14]

This matter comes before the Court on Defendant's ("Defendant" or "Reese") Motion to Dismiss Pursuant to 12(b)(3), or in the Alternative to Transfer Venue ("Motion") and Mem. in Support of Mot. to Dismiss for Improper Venue ("Mem."), both filed on June 1, 2015. L.A. Gem & Jewelry Design, Inc. ("Plaintiff" or "L.A. Gem") filed an opposition to the Motion ("Opposition") on June 15, 2015, to which Plaintiff replied on June 29, 2015. The Court found this matter suitable for disposition without oral argument, and no hearing will be scheduled. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion and **TRANSFERS** this action to the United District Court for the District of Utah.

I.      FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges the following. Plaintiff is a California corporation with a place of business at 659 South Broadway, Los Angeles, CA 90014. Plaintiff also conducts business under its trademark LA Rocks. (Compl. ¶ 3, ECF No. 1.) Plaintiff is a designer and creator of jewelry, whose pieces are sold by numerous national retailers. (Compl. ¶ 8.) Upon information and belief, Defendant is an individual residing in the state of Utah, who conducts business in and with the state of California and, in particular within this District, under the fictitious business name Simply Reese. (Compl. ¶ 4.) Upon information and belief, Defendant is a retailer, manufacturer, and/or distributor of jewelry, and is in the business of manufacturing, marketing, and selling jewelry products available for purchase and use across the United States, including in this District. (Compl. ¶ 15.)

In 2011, Plaintiff created its Design No. 440811 ("Moon Pendant"), in which phrase "I love you . . . to the moon & back" appears on a pendant shaped like a full and partial moon. Plaintiff registered it with the United States Copyright Office on November 21, 2013 under Registration No. VA 1-912-320. (Compl. ¶ 10; *see also* Mem. 2, ECF No. 16.) The Moon Pendant is an original work under copyright, and Plaintiff secured all the exclusive rights and privileges under the Copyright Act, 17 U.S.C. §§ 101, *et seq.* (Compl. ¶¶ 12-13.) Since its creation, the Moon Pendant has been manufactured and/or distributed by Plaintiff or under its authority. (Compl. ¶ 14.)

CASE NO.:  CV 15-03035 SJO (MRWx)          DATE: July 9, 2015

Plaintiff has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Moon Pendant or any substantially similar jewelry products. (Compl. ¶ 16.) Upon information and belief, Defendant has engaged in the marketing, manufacture, distribution, duplication, and/or sale of infringing copies of the Moon Pendant to the public, and customers in this District.[1] (Compl. ¶¶ 17-19.)

Defendant filed the instant motion to dismiss on June 1, 2015 pursuant to Federal Rules of Civil Procedure 12(b)(3) ("Rule 12(b)(3)"). (*See generally* Mot., ECF No. 14.), or in the alternative, to transfer the case to the District of Utah, where she resides.

II.   DISCUSSION

   A.   Legal Standards for Motion to Dismiss for Improper Venue

Pursuant to Rule 12(b)(3), a defendant may move to dismiss on the basis of improper venue. *See* Fed. R. Civ. P. 12(b)(3). If the defendant challenges venue under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper in the chosen district. *Koresko v. Realnetworks, Inc.*, 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003) (internal citation omitted). In considering a motion to dismiss pursuant to Rule 12(b)(3), unlike a motion under Rule 12(b)(6), the court need not accept the pleadings as true and may consider facts outside the pleadings. See *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (internal citations omitted); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Venue in a copyright action "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Thus, in order to determine whether venue is proper in this District, the Court must determine whether it has personal jurisdiction over defendant. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711 n.1 (1982); see also *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1095 (C.D. Cal 2003) ("Because the Court concludes that jurisdiction is proper in this district [over copyright defendant], venue is proper as well.").

California's long-arm statute "allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir.2003) (citing Cal. Civ. P. Code § 410.10). Courts may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (citation omitted).

---

[1]   The Court notes that Plaintiff has filed similar copyright infringement actions against individuals in this District, which were dismissed pursuant to FRCP 41(a)(1)(A)(ii).

JS-6

Case 2:15-cv-00488-DN  Document 22  Filed 07/09/15  Page 3 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 15-03035 SJO (MRWx)            DATE:  July 9, 2015

> The concept of minimum contacts embraces two types of jurisdiction – general and specific. General jurisdiction results where the defendant's contacts with the forum state are so 'systematic and so continuous as to make it consistent with traditional notions of fair play and substantial justice to subject the defendant to the jurisdiction of the forum, even where the cause of action is unrelated to the contacts.' Specific jurisdiction results when the defendant's contacts with the forum state, though not enough to subject the defendant to the general jurisdiction of the forum, are sufficient to subject the defendant to suit in the forum on a cause of action related to or arising out of those contacts.

*Aquila, Inc. v. Superior Court*, 148 Cal. App. 4th 556, 569-570 (2007) (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 536 (2000)).

Under the Ninth Circuit's three-prong test, a court may exercise specific personal jurisdiction over a non-resident defendant when:

> (1) the non-resident defendant purposefully directs his activities or consummates some transaction with the forum or resident thereof; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d at 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

"In the internet context, the Ninth Circuit utilizes a sliding scale analysis under which 'passive' websites do not create sufficient contacts to establish purposeful availment, whereas interactive websites may create sufficient contacts, depending on how interactive the website is." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1121 (C.D. Cal. 2009) (citations omitted). Thus, personal jurisdiction may be appropriate "when an entity is conducting business over the internet." *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999)).

B.  <u>Venue</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 15-03035 SJO (MRWx)     DATE: July 9, 2015

      a.    General Jurisdiction

Plaintiff argues that California has general jurisdiction over Reese based on her internet activities and national advertising.[2] "[I]n order to confer general jurisdiction a defendant must have a business presence in [the forum state]. It is not enough that a corporation do business with [the forum state]." *Johnson v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 611 (5th Cir. 2008); *accord Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "This is because engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Id.* at 1086. The Court is unconvinced that merely maintaining an interactive website is sufficient business presence to demonstrate purposeful contact to establish general personal jurisdiction. *See, e.g., Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451-52 (3d Cir. 2003) ("We have observed that the mere operation of a commercially available web site should not subject the operator to jurisdiction anywhere in the world.").

The mere fact that Defendant makes sales to California residents through her website, without more, is insufficient for the state to have general jurisdiction over Defendant. *See Bird v. Parsons*, 289 F.3d 865, 873-74 (6th Cir. 2002) (fact that defendant had done business with 4,666 Ohio residents through its website did not establish that the state had general jurisdiction; "the website . . . simply enables [it] to do business with Ohio residents, a fact that does not permit general jurisdiction."). In the alternative, even assuming that selling products through a website could create general jurisdiction, infrequent or sporadic sales would not be adequate; the website sales would have to be "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *see also Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 448 (1952).

Here, Plaintiff fails to prove that Defendant made continuous and systematic internet sales to California residents. (Opp'n 10.) The only evidence to that effect is one such sale, i.e., to Plaintiff's Counsel through his law clerk. (Keshishian Decl. ¶¶ 6-7, Ex. B.) Plaintiff's Complaint does not state Defendant made even a single internet sale to a California resident, much less that it did so continuously and systematically. *See Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (no general jurisdiction over nonresident periodical that never obtained more than 20 internet subscriptions from residents of the forum state.) Instead, Plaintiff maintains that on March 13, 2015, a resident of San Fernando Valley, California received an email advertisement from Living Social, a website that advertises and offers products "across the country," including Defendant's merchandise. (Keshishian Decl. ¶ 6.) Absent evidence of significant sales in the forum state, email or website advertising, standing alone, do not give rise to general jurisdiction. *Boaz v. Boyle & Co.*, 40 Cal. App. 4th 700, 717 (1995); *see also Roman v. Liberty Univ., Inc.*, 162 Cal. App. 4th

---

    [2] Plaintiff maintains that because Defendant advertises over Facebook, Pininterest and Instagram, companies that are all based in California, Defendant agreed to their 'terms of use,' fixing personal jurisdiction in California. (*See* Reese Decl. ¶¶ 5, 7, ECF No. 15; Keshishian Decl. ¶¶ 11-13, Exs. G-I, ECF No. 20-1.)

**CASE NO.:** CV 15-03035 SJO (MRWx)   **DATE:** July 9, 2015

670, 680-81 (2008). National advertising does not target the residents of any particular state. *See Shisler v. Sanfer Sports Cars, Inc.*, 146 Cal. App. 4th 1254, 1261 (2006). As thus, under the general jurisdiction analysis, the Court is not persuaded California has general jurisdiction over Defendant, making venue in this District improper.

      b.      Specific Jurisdiction

In analyzing specific jurisdiction, the Court focuses on the contacts with California out of which the action arose.

> The purposeful availment inquiry focuses on the defendant's 'intentionality' and is satisfied 'when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on 'his contacts with the forum.' The purposeful availment requirement is intended to ensure a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or as a result of the 'unilateral activity' of another party or a third person. Purposeful availment asks whether the defendant's 'conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'

*Archdiocese of Milwaukee v. Superior Court*, 112 Cal. App. 4th 423, 436 (2003) (quoting *Pavlovich v. Superior Court*, 29 Cal. 4th. 262, 269 (2002)).

A one-time transaction over the internet, and no evidence of a continuing relationship between the parties, would constitute insufficient evidence of purposeful availment. *See Shisler*, 146 Cal. App. 4th 1254 at 1259-60. Plaintiff argues that, within the rubric of purposeful availment, the Supreme Court has allowed the exercise of jurisdiction over a defendant, whose only 'contact' with the forum state was the 'purposeful direction' of a foreign act having an effect in the forum state. (Opp'n 6.) Because Defendant infringed on Plaintiff's copyright, Plaintiff claims Defendant purposefully directed an act to have an "effect in the forum state." Plaintiff cites *Hand & Nail , Inc. v. Int'l Nail Co.*, No. CV 15 - 02718 SJO (AJWx), 2015 U.S. Dist. LEXIS 67421 (C.D. Cal. 2015), in support of its argument.

However, that case is distinguishable from the instant suit. In that case, the defendants registered a domain name identical to that of the *Hand & Nail* plaintiffs and operated a website formed entirely of copyrighted images and trademarks misappropriated from *Hand & Nail's* website in order to directly compete with *Hand & Nail* and its distributors and undertook extensive efforts to conceal their true identity and whereabouts. There, this Court held that "[e]vidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm" to the California plaintiff. *Id.* at *5-6. Moreover, the purchased goods and shipments included a Santa Monica, California return address. *Id.* at *6.

In the instant action, the Court is unpersuaded that one sole proprietorship offering the Moon Pendant for sale among many other things on her interactive website, constitutes the kind of

purposefully directed act to substantially have an 'effect' on Plaintiff's business comparable to the *Hand & Nail* case. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d at 1130. On Amazon.com, over 67,000 items with designs very similar to the Moon Pendant are sold by private sellers. (Reply 2, Ex. A.) No other items Defendant sells are connected with Plaintiff's business. (*See generally* Reese Decl.; Reply 1-2.) Finally, Defendant conducts all of her business from her home in Mount Pleasant, Utah. (Reply 8.) The "substantial connection" between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 476 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state. *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987).

Here, Defendant does not direct business towards California. *Cf. Milwaukee Concrete Studios Ltd. v. Field Mfg. Co.*, 8 F.3d 441 (7th Cir. 1993) (finding that venue was proper because the Court could assert personal jurisdiction over the defendant, because the defendant maintained contacts with the judicial district.) Defendant has no office, agents, employees, or property in California. (Reese Decl. ¶ 8.) She does not advertise or otherwise solicit business in California. (*See* Reese Decl. ¶ 9.) "A person's act of placing information on the Internet" is not sufficient by itself to "subject[] that person to personal jurisdiction in each State in which the information is accessed." *Burdick v. Superior Court*, 233 Cal. App. 4th 8, 21 (2015). The Due Process Clause forbids a court from exercising personal jurisdiction over a defendant under circumstances that would offend "'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S., 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). On the basis of these facts, the exercise of specific personal jurisdiction over Reese by this Court exceeds the limits of due process.

Because the Court is not convinced that California has general or personal jurisdiction over the Defendant, or that "a substantial part of the events or omissions giving rise to the claim occurred" in California, venue is not proper in California pursuant to § 1391(b)(2). *See Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003) (recognizing that it is not necessary that a majority of the events occurred in the district where suit is filed, that the events in that district predominate, or that the chosen district is the best "venue," but rather that a "substantial part" of the events giving rise to their claims occurred in the chosen district).

    C.    <u>Transfer</u>

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court has discretion between choosing to transfer or choosing to dismiss for improper venue, but "generally it is preferred to transfer the case rather than dismissing it altogether." *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). Defendant's Motion suggests that if the Court does not wish to dismiss the case it might be transferred to the District of Utah. (Mot. 2.) Here, Defendant is a

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**CASE NO.:** CV 15-03035 SJO (MRWx)          **DATE:** July 9, 2015

resident of Utah, and thus venue would be proper in the District of Utah. (*See* Compl. ¶ 4.) The Court finds that a transfer would be preferable to outright dismissal. Accordingly, the Court **TRANSFERS** this action to the District of Utah.

III.    RULING

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue is **GRANTED IN PART AND DENIED IN PART**. The Court hereby **TRANSFERS** this action to the United States District Court for the District of Utah.

IT IS SO ORDERED.